Edwards v Levy (2019 NY Slip Op 06713)





Edwards v Levy


2019 NY Slip Op 06713


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9873

[*1]Keith Edwards, Plaintiff-Respondent,
v
Shauna Levy, et al., Defendants-Appellants.


Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for appellants.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered August 2, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established their prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when, while carrying a ladder with both hands, he slipped down the front porch stairs of defendants' house. Plaintiff testified that it had rained about one to two hours before the accident and that his fall was caused by his wet feet from the rain. "Mere wetness on a walking surface due to rain does not constitute a dangerous condition" (Greco v Pisaniello, 139 AD3d 617, 618 [1st Dept 2016]). Moreover, based on plaintiff's testimony, defendants had no duty to remedy the wet condition within an hour or two after the rain (see e.g. Perez v Abbey Assoc. Corp., 103 AD3d 573 [1st Dept 2013]), and both defendants testified that they had no knowledge of prior accidents on the stairs, which were not slippery when wet.
In opposition, plaintiff failed to raise a triable issue of fact. His contention that the absence of a handrail on the stairs was a dangerous condition and a proximate cause of his fall is unavailing since he was carrying a ladder in both hands and testified that he fell because his feet were wet (see e.g. Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 466 [1st Dept 2019]; Robinson v 156 Broadway Assoc., LLC, 99 AD3d 604 [1st Dept 2012]). Furthermore, the findings of plaintiff's expert are conclusory since he never visited the site of the accident or took measurements of the coefficient of friction, and the code violations he referenced were not applicable to the subject stairs (see Perez v Abbey Assoc. Corp., 103 AD3d at 573).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK